IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY E. LAWTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-14-1393-F |
| v. | ) | |
| | ) | |
| ROBERT PATTON, Director, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Trafficking in Illegal Drugs, Unlawful Possession of Controlled Dangerous Substance With Intent to Distribute, Acquiring Proceeds from Illegal Drug Activity, and Possession of Controlled Drug without Tax Stamp, all after two or more prior felony convictions, entered in a jury trial in the District Court of Logan County, Case No. CF-2011-241. Respondent has moved to dismiss the Petition on the ground of failure to exhaust state court remedies, and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state

remedies or circumstances that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition).

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006). The habeas petitioner has the burden of demonstrating exhaustion of state remedies. McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted).

In his Petition filed December 17, 2014 (Doc. # 1), Petitioner alleges numerous grounds for habeas relief. In his first ground for relief (designated Ground Two in the Petition)(Ground One is missing from the Petition), Petitioner asserts that "the telephonic search warrant is invalid due to lack of probable cause." In his second ground for habeas relief (designated Ground Three in the Petition), Petitioner asserts that "the pretextual search occurred outside the officers' jurisdiction." In his third ground (designated Ground Four in the Petition), Petitioner asserts that "the convictions must be reversed because the

2

prosecustion [sic] failed to prove dominion [and] control."

In his fourth ground (designated Ground Five in the Petition), Petitioner asserts that "the state failed to prove the element of intent to distribute in regard to the marijuana." In his fifth ground (designated Ground Six in the Petition), Petitioner alleges "the trial court judge erred by failing to give a lesser included inst[ruction] on poss[ession] of mari[juana with] int[ent] to dist[ribute]." In his sixth ground (designated Ground Seven in the Petition), Petitioner asserts "the trial judge erred by allowing the admission of a document which purportratedly [sic] contained the signature of Larry Lawton." In his seventh ground (designated Ground Eight in the Petition), Petitioner contends "unfair surprise deprived Appellant of a fair trial." In his eighth ground (designated Ground Nine in the Petition), Petitioner asserts that "an evidentiary harpoon deprived Appellant of a fair trial." In his ninth ground (designated Ground Ten in the Petition), Petitioner asserts that "prosecutorial misconduct denied Appellant a fair trial." In his tenth ground (designated Ground Eleven in the Petition), Petitioner contends that "cumulative error deprived Appellant a fair trial."

With respect to each of these ten grounds for relief, Petitioner provides no supporting facts or argument but merely refers to the Brief of Appellant filed in his direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA").[1] In that appeal, Petitioner raised eleven grounds for relief, including the ten grounds asserted in his Petition and an eleventh ground for relief (designated Proposition I in his Brief of Appellant filed in the appeal) in which

---

[1] Petitioner has failed to address the OCCA's decision in the context of the governing standard set forth in 28 U.S.C. § 2254(d).

3

Petitioner asserted "the telephonic search warrant is invalid because a conflict of interest exists with the trial judge who issued the search warrant." Whether intentionally or unintentionally, Petitioner has not raised this claim in his habeas Petition.

The ten grounds for relief urged in the Petition were each addressed by the OCCA in the court's decision entered in Petitioner's direct appeal. Petition, Ex. 3 (<u>Larry Eugene Lawton v. The State of Oklahoma</u>, Case No. F-2012-880 (Okla. Crim. App. 2014)(unpublished op.). In the appellate court's opinion entered January 15, 2014, the OCCA rejected each of these ten grounds and affirmed Petitioner's convictions and sentences. <u>Id.</u> Thus, Petitioner has demonstrated that state remedies concerning the grounds for relief urged in the Petition in grounds one through ten (designated Ground Two through Ground Eleven in the Petition) have been exhausted.

In his eleventh ground for relief (designated Ground Twelve in the Petition), Petitioner asserts a claim of ineffective assistance of trial counsel. Petition admits in the Petition that this claim was not raised in his direct appeal, and he contends that his appellate attorney provided ineffective assistance of counsel because she failed to raise this claim in his direct appeal. Petitioner asserts that he raised this claim in a post-conviction application filed in the district court and that the district court denied relief concerning this claim in a decision entered June 20, 2014. Petitioner asserts that he appealed the issue to the OCCA and that the OCCA entered a decision on "January 15, 2014" in case number "2012-880" denying relief.

In Petitioner's twelfth ground for habeas relief (designated Ground Thirteen in the

4

Petition), Petitioner asserts that "Petitioner was rendered excessive punishment." Petitioner again admits that this claim was not raised in his direct appeal, and he contends that his appellate counsel "failed to raise [the claim] on direct appeal." Petitioner asserts that he raised this claim in a post-conviction application filed in the district court and that the district court denied relief concerning this claim in a decision entered June 20, 2014. Petitioner asserts that he appealed the issue to the OCCA and that the OCCA entered a decision on "January 15, 2014" in case number "2012-880" denying relief.

In his thirteenth ground for habeas relief (designated Ground Fourteen in the Petition), Petitioner asserts a claim of "ineffective assistantse [sic] of appellate counsel." Petitioner asserts that he raised this claim in a post-conviction application filed in the district court and that the district court denied relief concerning this claim in a decision entered June 20, 2014. Petitioner asserts that he appealed the issue to the OCCA and that the OCCA entered a decision on "January 15, 2014" in case number "2012-880" denying relief.

The record reflects that Petitioner filed an application for post-conviction relief in the Logan County District Court challenging his convictions in Case No. CF-2011-241. Petition, Ex. 6. In that application, Petitioner asserted two claims of ineffective assistance of appellate counsel and ineffective assistance of trial counsel. The court's docket sheet reflects that the post-conviction application was denied on June 20, 2014, although neither party has provided a copy of an order or opinion entered by the district court denying the application. Brief in Support of Motion to Dismiss, Ex. 6. Nothing in the record reflects that Petitioner appealed the district court's decision in his post-conviction proceeding or that Petitioner has sought

5

post-conviction relief concerning his "excessive punishment" claim asserted in the Petition.

Respondent has moved to dismiss the Petition on the basis that all of the grounds for relief urged in the Petition have not been exhausted. Specifically, Respondent asserts that state remedies concerning the issues raised in grounds eleven through thirteen of the Petition (designated Ground Twelve, Ground Thirteen, and Ground Fourteen in the Petition) were not exhausted in the state courts before Petitioner filed his Petition.

In response to the Motion to Dismiss, Petitioner concedes that he did not exhaust state court remedies prior to filing his Petition concerning the issues raised in grounds eleven through thirteen of the Petition (designated Ground Twelve through Ground Fourteen in the Petition). Petitioner requests to be allowed to voluntarily dismiss the unexhausted grounds for relief and proceed with the exhausted grounds for relief urged in his Petition. Petitioner clearly stated that he is not requesting the issuance of a stay of the proceedings and that he would prefer to proceed with only the exhausted claims asserted in the Petition. Cf. Rhines v. Weber, 544 U.S. 269 (2005)(granting district courts the authority under certain circumstances to issue a stay and abeyance of a federal habeas proceeding to allow a litigant to return to state court and exhaust unexhausted claims).

Petitioner's request to amend his Petition in order to voluntarily dismiss the issues presented in grounds eleven through thirteen (designated Ground Twelve, Ground Thirteen, and Ground Fourteen) of the Petition should be GRANTED. See Fairchild v. Workman, 579 F.3d 1134, 1156 (10th Cir. 2009(when faced with mixed habeas petition, federal court may "permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted

claims")(internal quotation omitted).

Because there is no dispute that state court remedies concerning the remaining grounds for relief urged in the Petition in his first through tenth grounds (designated Ground Two through Ground Eleven of the Petition) were exhausted prior to the filing of the Petition, Respondent's Motion to Dismiss the entire Petition on the ground of failure to exhaust state court remedies should be DENIED as moot.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that (1) Petitioner's request to voluntarily dismiss the unexhausted issues raised in grounds eleven through thirteen of the Petition (designated Ground Twelve, Ground Thirteen, and Ground Fourteen) be GRANTED and those claims be DISMISSED WITHOUT PREJUDICE and (2) Respondent's Motion to Dismiss (Doc. # 19) the Petition on the ground that state court remedies concerning all of the grounds for relief urged in the Petition were not exhausted prior to the filing of the Petition be DENIED as moot.

The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by   May 12th , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time

7

in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this     22nd     day of    April   , 2015.

*[signature: Gary M. Purcell]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE