IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LARRY EUGENE LAWTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| -vs- | ) | Case No. CIV-14-1393-F |
| ROBERT PATTON, Director, | ) | |
| Respondent. | ) | |

# ORDER

Petitioner Larry Eugene Lawton, a state prisoner appearing *pro se* whose pleadings are liberally construed, seeks habeas relief under 28 U.S.C. § 2254. On November 18, 2015, Magistrate Judge Gary M. Purcell entered a Second Supplemental Report and Recommendation (the Second Supplemental Report), recommending that the petition be denied. Doc. no. 35. Petitioner objected to the Report. Doc. no. 39. Petitioner also filed a Response to Order, doc. no. 40, and an affidavit, doc. no. 41, which have been considered.

As required by 28 U.S.C. §636(b)(1), the court has reviewed all objected to matters *de novo*. Having concluded that review, and after careful consideration of plaintiff's objections, the court finds that it agrees with the Second Supplemental Report and that no purpose would be served by stating any further analysis here.

Accordingly, plaintiff's objections to the Second Supplemental Report are **DENIED** and the Second Supplemental Report is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED**.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

Dated this 6th day of January, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-1393p004.wpd